# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | |
|---|---|
| **YETI Coolers, LLC,** | Case No. 1:21-cv-00214 |
| **Plaintiff,** | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:** |
| **v.** | |
| **RTIC Outdoors, LLC; and Corporate Support & Fulfillment, LLC,** | **(1) – (12)  PATENT INFRINGEMENT IN VIOLATION OF 35 U.S.C. § 271; AND** |
| **Defendants.** | **(13)   BREACH OF CONTRACT.** |
| | **Jury Trial Demanded** |

## COMPLAINT

Plaintiff, YETI Coolers, LLC ("YETI"), for its Complaint against Defendants RTIC Outdoors, LLC ("RTIC") and Corporate Support & Fulfillment, LLC ("CSF") (collectively, "Defendants") alleges as follows:

### The Parties

1.      YETI is a company organized and existing under the laws of the State of Delaware with a principal place of business at 7601 Southwest Parkway, Austin, TX 78735.

2.      On information and belief, RTIC is a company organized and existing under the laws of the State of Texas with a principal place of business at 20702 Hempstead Road, Houston, TX 77065.

3.      On information and belief, CSF is a company organized and existing under the laws of the State of Texas with a principal place of business at 20702 Hempstead Road, Houston, TX 77065.

4.      On information and belief, several entities, including RTIC Coolers, LLC and RTIC Web Services, LLC, entered into an Agreement and Plan of Merger dated December 19, 2019 along with a Certificate of Merger and filed these documents with the Office of the Secretary of State of Texas on December 30, 2019.  In this Agreement and Plan of Merger, several entities, including RTIC Web Services, LLC, merged into and with RTIC Coolers, LLC, and RTIC Coolers, LLC amended its name to RTIC Outdoors, LLC.

### Jurisdiction and Venue

5.      This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*.  This is also an action for breach of contract relating to a settlement agreement entered into on February 2, 2017 between YETI on the one hand and RTIC Coolers, LLC (now RTIC Outdoors, LLC), RTIC Web Services, LLC (also now RTIC Outdoors, LLC), and CSF, among other entities, on the other (the "Settlement Agreement").

6.      This Court has subject matter jurisdiction over this action pursuant to at least 28 U.S.C. §§ 1331, 1338(a), and 1367(a).

7.      This Court has personal jurisdiction over Defendants because, *inter alia*, Defendants agree that jurisdiction for Defendants' violations of YETI's intellectual property rights and for enforcement of the Settlement Agreement is in the Western District of Texas, Austin Division.  This Court also has personal jurisdiction over Defendants because, *inter alia*, Defendants are purposefully and intentionally availing themselves of the privileges of doing business in the State of Texas.

8.      Venue is proper in this District because, *inter alia*,  Defendants agree that venue for Defendants' violations of YETI's intellectual property rights and for enforcement of the Settlement Agreement is in the Western District of Texas, Austin Division.

## Defendants' Past and Repeated Infringements

9.      This is the fifth time that YETI has had to sue RTIC for RTIC's violations of YETI's intellectual property rights.  Although YETI continues to innovate and expand its product lines, RTIC continues to unlawfully imitate YETI's products and to infringe YETI's intellectual property rights.

10.      On July 17, 2015, YETI filed a Complaint against RTIC Coolers, LLC and others in this Court asserting claims for, *inter alia*, patent infringement, trade dress and trademark infringement, and copyright infringement relating to RTIC's sale of infringing hard coolers. (Complaint, YETI Coolers, LLC v. RTIC Coolers, LLC et al., No. 1:15-cv-00597-RP (W.D. Tex. July 17, 2015), ECF No. 1.)

11.      On March 2, 2016, YETI filed a Complaint against RTIC Coolers, LLC, RTIC Web Services, LLC, Corporate Support & Fulfillment, LLC, and others in this Court asserting claims for, *inter alia*, patent infringement and trade dress and trademark infringement relating to RTIC's sale of infringing tumblers and beverage holders. (Complaint, YETI Coolers, LLC v. RTIC Coolers, LLC et al., No. 1:16-cv-00264-RP (W.D. Tex. Mar. 2, 2016), ECF No. 1.)

12.      On July 27, 2016, YETI filed a complaint against RTIC Coolers, LLC, RTIC Web Services, LLC, Corporate Support & Fulfillment, LLC, and others in this Court asserting claims for, *inter alia*, patent infringement and trade dress infringement relating to RTIC's sale of infringing soft coolers. (Complaint, YETI Coolers, LLC v. RTIC Soft Sided Coolers, LLC et al., No. 1:16-cv-00909-RP (W.D. Tex. July 27, 2016), ECF No. 1.)

13.      On August 18, 2016, YETI filed a complaint against RTIC Coolers, LLC, RTIC Web Services, LLC, and others in this Court asserting claims for, *inter alia*, trade dress

infringement relating to RTIC's sale of infringing bottles. (Complaint, YETI Coolers, LLC v. RTIC Coolers, LLC et al., No. 1:16-cv-00985-RP (W.D. Tex. Aug. 18, 2016), ECF No. 1.)

### YETI's Intellectual Property

14.     For years, YETI has continuously engaged in the design, development, manufacture, promotion, and sales of, among other things, its bags, including, its Camino® bags, its drinkware products, including its Rambler® Jugs and Mugs, and its pet products, including its Boomer™ Dog Bowls. YETI has invested substantial resources into the research, design, and development of these products. And YETI's research, design, and development have led to many innovative product designs and technologies, including designs and technologies at issue in this lawsuit.

15.     For example, YETI owns U.S. Patent No. 10,577,167 ("the '167 Patent") related to an insulating container and U.S. Patent No. 10,827,808 ("the '808 Patent") related to a tote bag. YETI also owns U.S. Design Patent No. D786,562 ("the '562 Patent"), related to an insulating device; U.S. Design Patent No. D859,813 ("the '813 Patent"), related to a bag; U.S. Design Patent No. D871,159 ("the '159 Patent"), U.S. Design Patent No. D869,241 ("the '241 Patent"), and U.S. Design Patent No. D911,780 ("the '780 Patent"), all related to a bowl; U.S. Design Patent No. D899,871 ("the '871 Patent"), related to a jug; and U.S. Design Patent No. D899,862 ("the '862 Patent"), U.S. Design Patent No. D882,343 ("the '343 Patent"), U.S. Design Patent No. D909,818 ("the '818 Patent"), and U.S. Design Patent No. D911,779 ("the '779 Patent"), all related to cups or mugs.

16.     The '167 Patent is titled "Insulating Container." On March 3, 2020, the '167 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire right, title, and interest to the '167 Patent. A copy of the '167 Patent is attached as Exhibit 1.

17.    The '808 Patent is titled "Tote Bag."  On November 10, 2020, the '808 Patent was duly and legally issued by the U.S. Patent Office to YETI.  YETI owns the entire right, title, and interest to the '808 Patent.  A copy of the '808 Patent is attached as Exhibit 2.

18.    The '562 Patent is titled "Insulating Device."  On May 16, 2017, the '562 Patent was duly and legally issued by the U.S. Patent Office to YETI.  YETI owns the entire right, title, and interest to the '562 Patent.  A copy of the '562 Patent is attached as Exhibit 3.  An exemplary figure from the '562 Patent is shown in Illustration 1 below:

**Illustration 1: Exemplary Figure from the '562 Patent**



FIG. 1

19.    The '813 Patent is titled "Bag."  On September 17, 2019 the '813 Patent was duly and legally issued by the U.S. Patent Office to YETI.  YETI owns the entire right, title, and interest to the '813 Patent.  A copy of the '813 Patent is attached as Exhibit 4.  An exemplary figure from the '813 Patent is shown in Illustration 2 below:

**Illustration 2: Exemplary Figure from the '813 Patent**



FIG. 1

20.     The '159 Patent is titled "Bowl."  On December 31, 2019, the '159 Patent was duly and legally issued by the U.S. Patent Office to YETI.  YETI owns the entire right, title, and interest to the '159 Patent.  A color copy of the '159 Patent is attached as Exhibit 5-A.  A black and white copy of the '159 Patent that includes its Certificate of Correction is attached as Exhibit 5-B.  An exemplary figure from the '159 Patent is shown in Illustration 3 below:



21.    The '241 Patent is titled "Bowl."  On December 10, 2019, the '241 Patent was duly and legally issued by the U.S. Patent Office to YETI.  YETI owns the entire right, title, and interest to the '241 Patent.  A copy of the '241 Patent is attached as Exhibit 6.  An exemplary figure from the '241 Patent is shown in Illustration No. 4 below:



22.    The '780 Patent is titled "Bowl."  On March 2, 2021, the '780 Patent was duly and legally issued by the U.S. Patent Office to YETI.  YETI owns the entire right, title, and interest to the '780 Patent.  A copy of the '780 Patent is attached as Exhibit 7.  An exemplary figure from the '780 Patent is shown in Illustration No. 5 below:

**Illustration 5: Exemplary Figure from the '780 Patent**



23.    The '871 Patent is titled "Jug."  On October 27, 2020, the '871 Patent was duly and legally issued by the U.S. Patent Office to YETI.  YETI owns the entire right, title, and interest to the '871 Patent.  A copy of the '871 Patent is attached as Exhibit 8.  An exemplary figure from the '871 Patent is shown in Illustration No. 6 below:

| Illustration 6: Exemplary Figure from the '871 Patent |
|---|
|  |

24.    The '862 Patent is titled "Cup."  On October 27, 2020, the '862 Patent was duly and legally issued by the U.S. Patent Office to YETI.  YETI owns the entre right, title, and interest to the '862 Patent.  A copy of the '862 Patent is attached as Exhibit 9.  An exemplary figure from the '862 Patent is shown in Illustration No. 7 below:

| Illustration 7: Exemplary Figure from the '862 Patent |
|---|
| <br>FIG. 1 |

25. The '343 Patent is titled "Cup." On April 28, 2020, the '343 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire right, title, and interest to the '343 Patent. A copy of the '343 Patent is attached as Exhibit 10. An exemplary figure from the '343 Patent is shown in Illustration No. 8 below:

| Illustration 8: Exemplary Figure from the '343 Patent |
|---|
|  |

26.     The '818 Patent is titled "Mug."  On February 9, 2021, the '818 Patent was duly and legally issued by the U.S. Patent Office to YETI.  YETI owns the entire right, title, and interest to the '818 Patent.  A copy of the '818 Patent is attached as Exhibit 11.  An exemplary figure from the '818 Patent is shown in Illustration No. 9 below:

| Illustration 9: Exemplary Figure from the '818 Patent |
| :---: |
|  |

27.    The '779 Patent is titled "Mug."  On March 2, 2021 the '779 Patent was duly and legally issued by the U.S. Patent Office to YETI.  YETI owns the entire right, title, and interest to the '779 Patent.  A copy of the '779 Patent is attached as Exhibit 12  An exemplary figure from the '779 Patent is shown in Illustration No. 10 below:

| Illustration 10: Exemplary Figure from the '779 Patent |
| --- |



FIG. 1

### General Allegations — Defendants' Unlawful Activities

28.    RTIC is violating YETI's rights by using, selling, offering to sell, making, and/or importing into the United States the products discussed below that infringe YETI's utility and design patents.  CSF is violating YETI's rights at least by importing into the United States the Tote Bags, Dog Bowls, and 16 oz. Travel Mugs discussed below that infringe YETI's utility and design patents.

29.    The infringing products include RTIC's Tote Bags, Dog Bowls, Coffee Mugs, 16 oz. Travel Mugs, and ½ Gallon and Gallon Jugs.  The infringing products are shown on RTIC's website,   e.g.,   https://rticoutdoors.com/Tote-Bag?name=Duffel-Bag&size=Large&color=Grey, https://rticoutdoors.com/Dog-Bowl?size=One-Size&color=Stainless&material=Glossy, https://rticoutdoors.com/Coffee-Mugs?name=Travel-Mug&size=12oz&color=Slate-Blue&material=Matte,                     https://rticoutdoors.com/Travel-Mugs?name=Travel-

Mug&size=16oz&color=Stainless&material=Matte,

https://rticoutdoors.com/Jugs?name=Jug&size=Half-Gallon&color=Stainless&material=Matte,

https://rticoutdoors.com/Jugs?name=Jug&size=One-Gallon&color=Stainless&material=Matte#,

and exemplary images of the infringing products are also shown below:

| Illustration 11: Exemplary Image of RTIC's Tote Bag |
|---|
|  |

| Illustration 12: Exemplary Images of RTIC's Dog Bowl |
| --- |



30.    RTIC's Dog Bowls are currently available in the following colors: coral, charcoal, freedom blue, graphite, RTIC Ice ("Colored Dog Bowls"), as well as stainless steel.  RTIC's

Colored Dog Bowls and RTIC's Dog Bowls in stainless steel are collectively referred to herein as

"RTIC's Dog Bowls."

**Illustration 13: Exemplary Images of RTIC's ½ Gallon and Gallon Jugs**



**Illustration 14: Exemplary Images of RTIC's Coffee Mugs**



31.    RTIC's Coffee Mugs are currently available in the following colors: forest green, navy, slate blue, mint, majestic purple, maroon, teal, graphite, RTIC Ice, beach, coral, flamingo, orange, and white ("Colored Coffee Mugs"), as well as stainless steel.  RTIC's Colored Coffee Mugs and RTIC's Coffee Mugs in stainless steel are collectively referred to herein as "RTIC's Coffee Mugs."



**Illustration 15: Exemplary Images of RTIC's 16 oz. Travel Mugs**

32.    RTIC's 16 oz. Travel Mugs are currently available in the following colors: forest green, navy, slate blue, mint, majestic purple, maroon, teal, graphite, RTIC Ice, beach, coral, flamingo, orange, and white ("Colored 16 oz. Travel Mugs"), as well as stainless steel.  RTIC's Colored 16 oz. Travel Mugs and RTIC's 16 oz. Travel Mugs in stainless steel are collectively referred to herein as "RTIC's 16 oz. Travel Mugs."

33.    RTIC and CSF are also in breach of the Settlement Agreement.

34.     YETI, RTIC Coolers, LLC (now RTIC Outdoors, LLC), RTIC Web Services, LLC (also now RTIC Outdoors, LLC), and Corporate Support & Fulfillment, LLC (among others) settled YETI's first four lawsuits by entering into the Settlement Agreement.  In the Settlement Agreement, CSF, RTIC Coolers, LLC (now RTIC Outdoors, LLC), and RTIC Web Services, LLC (also now RTIC Outdoors, LLC) agreed to, *inter alia*, not infringe any intellectual property rights of YETI.

35.     Despite Defendants' clear and express obligations under the Settlement Agreement with regard to YETI's intellectual property rights, Defendants have infringed and continue to infringe at least YETI's asserted patents, as described herein.  These infringements constitute breaches of the Settlement Agreement.  These breaches have damaged YETI and unjustly and illegally enriched Defendants.

36.     As discussed above and as set forth in the counts below, Defendants' actions are unfair and unlawful.

## Count I:
## Patent Infringement of U.S. Patent No. 10,577,167 Under 35 U.S.C. § 271

37.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 36 as though fully set forth herein.

38.     Defendants have infringed and continue to infringe the '167 Patent at least by using, selling, offering to sell, making, and/or importing into the United States RTIC's infringing Tote Bags, which include each and every element of one or more claims of the '167 Patent, either literally or through the doctrine of equivalents, including at least claim 1.

39.     Claim 1 of the '167 Patent recites "[a] bag comprising: an outer shell defining a frontside, a backside, a bottom, and an inner wall, wherein the outer shell is non-rigid, and wherein the outer shell is formed from a one-piece integral structure, wherein the one piece integral

18

structure is joined together to form a seam, and wherein the seam is on one of the backside or the frontside; a storage compartment; an opening configured to provide access to the storage compartment, wherein the opening further comprises a closing means, and wherein the closing means is a plastic clamp; at least two carrying straps, wherein the first carrying strap is connected to the frontside, and wherein a second carrying strap is connected to the backside, the first and second carrying straps further comprising, a plurality of attachment points, wherein a first D-ring is attached to a first lower attachment point, wherein a second D-ring is attached to a second lower attachment point, and wherein the material is nylon webbing, wherein a first upper attachment point and a second upper attachment point comprise nylon webbing formed as loops; a plurality of reinforcement patches, wherein the first and second carrying straps are connected to the plurality of reinforcement patches, wherein the reinforcement patches are rectangular, and wherein the reinforcement patches are attached to the outer shell; and a base, wherein the base includes a logo, wherein the logo is molded or embossed directly into the base, and wherein the base further comprises a reinforcement strip."

40.    RTIC's Tote Bags infringe at least claim 1 of the '167 Patent because they are bags that include all of the claim elements of at least claim 1, either literally or through the doctrine of equivalents, including "an outer shell defining a frontside, a backside, a bottom, and an inner wall, wherein the outer shell is non-rigid, and wherein the outer shell is formed from a one-piece integral structure, wherein the one piece integral structure is joined together to form a seam, and wherein the seam is on one of the backside or the frontside; a storage compartment; an opening configured to provide access to the storage compartment, wherein the opening further comprises a closing means, and wherein the closing means is a plastic clamp; at least two carrying straps, wherein the first carrying strap is connected to the frontside, and wherein a second carrying strap is connected

to the backside, the first and second carrying straps further comprising, a plurality of attachment points, wherein a first D-ring is attached to a first lower attachment point, wherein a second D-ring is attached to a second lower attachment point, and wherein the material is nylon webbing, wherein a first upper attachment point and a second upper attachment point comprise nylon webbing formed as loops; a plurality of reinforcement patches, wherein the first and second carrying straps are connected to the plurality of reinforcement patches, wherein the reinforcement patches are rectangular, and wherein the reinforcement patches are attached to the outer shell; and a base, wherein the base includes a logo, wherein the logo is molded or embossed directly into the base, and wherein the base further comprises a reinforcement strip."

41.    Defendants' acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

42.    YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, and 285.

43.    Defendants also have caused, are causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count II:**
**Patent Infringement of U.S. Patent No. 10,827,808 Under 35 U.S.C. § 271**

44.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 43 as though fully set forth herein.

45.    Defendants have infringed and continue to infringe the '808 Patent at least by using, selling, offering to sell, making, and/or importing into the United States RTIC's infringing Tote

Bags, which include each and every element of one or more claims of the '808 Patent, either literally or through the doctrine of equivalents, including at least claim 1.

46. Claim 1 of the '808 Patent recites "[a] tote bag comprising: an outer shell comprising a sidewall defining a top, an opening, a front, and a back, wherein the outer shell is foldable, and wherein the outer shell is formed from a solitary component, and the solitary component is fused together to form a seam; a plurality of shoulder straps configured to be secured to each other, the plurality of shoulder straps further comprising, a plurality of loops formed from webbing, and an additional padding configured to facilitate carrying the tote bag over a shoulder; a plurality of reinforcement patches, wherein the plurality of shoulder straps are connected to the plurality of reinforcement patches, and the reinforcement patches are attached to the outer shell; a semi-rigid base defining a bottom of the bag, wherein the semi-rigid base is substantially rectangular shaped, wherein the semi-rigid base includes a logo, wherein the semi-rigid base is configured to keep the tote bag uprights where the outer shell and the semi-rigid base form a storage compartment, and wherein the opening is configured to allow access to the storage compartment, the storage compartment further comprising, an inner pocket attached to an upper portion of the sidewall comprising a zipper, wherein the zipper is configured to open and close the inner pocket, and wherein the inner pocket is waterproof when the zipper is closed, and a sealing device configured to secure portions of the sidewall together; and a top binding configured to surround an opening circumference at the top of the outer shell and a top o the inner pocket attached to the upper portion of the sidewall."

47. RTIC's Tote Bags infringe at least claim 1 of the '808 Patent because they are tote bags that include all of the claim elements of at least claim 1, either literally or through the doctrine of equivalents, including "an outer shell comprising a sidewall defining a top, an opening, a front,

and a back, wherein the outer shell is foldable, and wherein the outer shell is formed from a solitary component, and the solitary component is fused together to form a seam; a plurality of shoulder straps configured to be secured to each other, the plurality of shoulder straps further comprising, a plurality of loops formed from webbing, and an additional padding configured to facilitate carrying the tote bag over a shoulder; a plurality of reinforcement patches, wherein the plurality of shoulder straps are connected to the plurality of reinforcement patches, and the reinforcement patches are attached to the outer shell; a semi-rigid base defining a bottom of the bag, wherein the semi-rigid base is substantially rectangular shaped, wherein the semi-rigid base includes a logo, wherein the semi-rigid base is configured to keep the tote bag uprights where the outer shell and the semi-rigid base form a storage compartment, and wherein the opening is configured to allow access to the storage compartment, the storage compartment further comprising, an inner pocket attached to an upper portion of the sidewall comprising a zipper, wherein the zipper is configured to open and close the inner pocket, and wherein the inner pocket is waterproof when the zipper is closed, and a sealing device configured to secure portions of the sidewall together; and a top binding configured to surround an opening circumference at the top of the outer shell and a top o the inner pocket attached to the upper portion of the sidewall."

48.    Defendants' acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

49.    YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, and 285.

50.      Defendants also have caused, are causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count III:**
**Patent Infringement of U.S. Patent No. D786,562 Under 35 U.S.C. § 271**

51.      YETI realleges and incorporates the allegations set forth in paragraphs 1 through 50 as though fully set forth herein.

52.      Defendants have infringed and continue to infringe the '562 Patent at least by using, selling, offering to sell, making, and/or importing into the United States RTIC's infringing Tote Bags, which are covered by the claim of the '562 Patent.

53.      RTIC's Tote Bags infringe the '562 Patent because the overall appearance of the design of RTIC's Tote Bags and the '562 Patent are substantially the same, and an ordinary observer would perceive the overall appearance of the design of RTIC's Tote Bags and the '562 Patent to be substantially the same.

54.      Defendants' acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

55.      YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

56.      Defendants also have caused, are causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count IV:**
**Patent Infringement of U.S. Patent No. D859,813 Under 35 U.S.C. § 271**

57.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 56 as though fully set forth herein.

58.    Defendants have infringed and continue to infringe the '813 Patent at least by using, selling, offering to sell, making, and/or importing into the United States RTIC's infringing Tote Bags, which are covered by the claim of the '813 Patent.

59.    RTIC's Tote Bags infringe the '813 Patent because the overall appearance of the designs of RTIC's Tote Bags and the '813 Patent are substantially the same, and an ordinary observer would perceive the overall appearance of the designs of RTIC's Tote Bags and the '813 Patent to be substantially the same.

60.    Defendants' acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

61.    YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

62.    Defendants also have caused, are causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count V:**
**Patent Infringement of U.S. Patent No. D871,159 Under 35 U.S.C. § 271**

63.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 62 as though fully set forth herein.

24

64.     Defendants have infringed and continue to infringe the '159 Patent at least by using, selling, offering to sell, making, and/or importing into the United States RTIC's infringing Colored Dog Bowls, which are covered by the claim of the '159 Patent.

65.     RTIC's Colored Dog Bowls infringe the '159 Patent because the overall appearance of the designs of RTIC's Colored Dog Bowls and the '159 Patent are substantially the same, and an ordinary observer would perceive the overall appearance of the designs of RTIC's Colored Dog Bowls and the '159 Patent to be substantially the same.

66.     Defendants' acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

67.     YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

68.     Defendants also have caused, are causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count VI:**
**Patent Infringement of U.S. Patent No. D869,241 Under 35 U.S.C. § 271**

69.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 68 as though fully set forth herein.

70.     Defendants have infringed and continue to infringe the '241 Patent at least by using, selling, offering to sell, making, and/or importing into the United States RTIC's infringing Dog Bowls, which are covered by the claim of the '241 Patent.

71.     RTIC's Dog Bowls infringe the '241 Patent because the overall appearance of the design of RTIC's Dog Bowls and the '241 Patent are substantially the same, and an ordinary

observer would perceive the overall appearance of the design of RTIC's Dog Bowls and the '241 Patent to be substantially the same.

72.    Defendants acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

73.    YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

74.    Defendants also have caused, are causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

### Count VII:
### Patent Infringement of U.S. Patent No. D911,780 Under 35 U.S.C. § 271

75.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 74 as though fully set forth herein.

76.    Defendants have infringed and continue to infringe the '780 Patent at least by using, selling, offering to sell, making, and/or importing into the United States RTIC's infringing Dog Bowls, which are covered by the claim of the '780 Patent.

77.    RTIC's Dog Bowls infringe the '780 Patent because the overall appearance of the design of RTIC's Dog Bowls and the '780 Patent are substantially the same, and an ordinary observer would perceive the overall appearance of the design of RTIC's Dog Bowls and the '780 Patent to be substantially the same.

78.    Defendants' acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

79.    YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

80.    Defendants also have caused, are causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count VIII:**
**Patent Infringement of U.S. Patent No. D899,871 Under 35 U.S.C. § 271**

81.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 80 as though fully set forth herein.

82.    RTIC has infringed and continues to infringe the '871 Patent at least by using, selling, offering to sell, making, and/or importing into the United States RTIC's infringing ½ Gallon and Gallon Jugs, which are covered by the claim of the '871 Patent.

83.    RTIC's ½ Gallon and Gallon Jugs infringe the '871 Patent because the overall appearance of the designs of RTIC's ½ Gallon and Gallon Jugs and the '871 Patent are substantially the same, and an ordinary observer would perceive the overall appearance of the designs of RTIC's ½ Gallon and Gallon Jug and the '871 Patent to be substantially the same.

84.    RTIC's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

85.    YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

86.    RTIC also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count IX:**
**Patent Infringement of U.S. Patent No. D899,862 Under 35 U.S.C. § 271**

87.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 86 as though fully set forth herein.

88.    RTIC has infringed and continues to infringe the '862 Patent at least by using, selling, offering to sell, making, and/or importing into the United States RTIC's infringing Colored Coffee Mugs, which are covered by the claim of the '862 Patent.

89.    RTIC's Colored Coffee Mugs infringe the '862 Patent because the overall appearance of the design of RTIC's Colored Coffee Mugs and the '862 Patent are substantially the same, and an ordinary observer would perceive the overall appearance of the design of RTIC's Colored Coffee Mugs and the '862 Patent to be substantially the same.

90.    RTIC's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

91.    YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

92.    RTIC also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count X:**
**Patent Infringement of U.S. Patent No. D882,343 Under 35 U.S.C. § 271**

93.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 92 as though fully set forth herein.

94.     RTIC has infringed and continues to infringe the '343 Patent at least by using, selling, offering to sell, making, and/or importing into the United States RTIC's infringing Coffee Mugs, which are covered by the claim of the '343 Patent.

95.     RTIC's Coffee Mugs infringe the '343 Patent because the overall appearance of the design of RTIC's Coffee Mugs and the '343 Patent are substantially the same, and an ordinary observer would perceive the overall appearance of the design of RTIC's Coffee Mugs and the '343 Patent to be substantially the same.

96.     RTIC's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

97.     YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

98.     RTIC also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count XI:**
**Patent Infringement of U.S. Patent No. D909,818 Under 35 U.S.C. § 271**

99.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 98 as though fully set forth herein.

100.    Defendants have infringed and continue to infringe the '818 Patent at least by using, selling, offering to sell, making, and/or importing into the United States RTIC's infringing Colored 16 oz. Travel Mugs, which are covered by the claim of the '818 Patent.

101.    RTIC's Colored 16 oz. Travel Mugs infringe the '818 Patent because the overall appearance of the design of RTIC's Colored 16 oz. Travel Mugs and the '818 Patent are substantially the same, and an ordinary observer would perceive the overall appearance of the design of RTIC's Colored 16 oz. Travel Mugs and the '818 Patent to be substantially the same.

102.    Defendants' acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

103.    YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

104.    Defendants also have caused, are causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count XII:**
**Patent Infringement of U.S. Patent No. D911,779 Under 35 U.S.C. § 271**

105.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 104 as though fully set forth herein.

106.    Defendants have infringed and continue to infringe the '779 Patent at least by using, selling, offering to sell, making, and/or importing into the United States RTIC's infringing 16 oz. Travel Mugs, which are covered by the claim of the '779 Patent.

107.    RTIC's 16 oz. Travel Mugs infringe the '779 Patent because the overall appearance of the design of RTIC's 16 oz. Travel Mugs and the '779 Patent are substantially the same, and an

ordinary observer would perceive the overall appearance of the design of RTIC's 16 oz. Travel Mugs and the '779 Patent to be substantially the same.

108.    Defendants' acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

109.    YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

110.    Defendants also have caused, are causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

### Count XIII:
### Breach of the Settlement Agreement

111.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 110 as though fully set forth herein.

112.    The Settlement Agreement entered into between YETI on the one hand and RTIC Coolers, LLC (now RTIC Outdoors, LLC), RTIC Web Services, LLC (also now RTIC Outdoors, LLC), and Corporate Support & Fulfillment, LLC (among others) on the other hand, created a valid and enforceable contract between the parties to the Settlement Agreement.

113.    After the parties executed the Settlement Agreement, RTIC Coolers, LLC amended its name to RTIC Outdoors, LLC.  RTIC Outdoors, LLC is thus subject to RTIC Coolers, LLC's obligations under the Settlement Agreement.

114.    After the parties executed the Settlement Agreement, RTIC Web Services, LLC was merged into RTIC Outdoors, LLC.  RTIC Outdoors, LLC is thus subject to RTIC Web Services, LLC's obligations under the Settlement Agreement.

115.    YETI has fulfilled its obligations and satisfied all conditions precedent under the Settlement Agreement.

116.    Defendants have breached the Settlement Agreement, including at least by infringing the asserted patents, as described herein. In particular, RTIC selling, offering to sell, making, using, and/or importing into the United States its infringing Tote Bags, Dog Bowls, ½ Gallon and Gallon Jugs, Coffee Mugs, and 16 oz. Travel Mugs constitute a failure to perform express obligations under the Settlement Agreement, and are therefore breaches of at least Section E.2 of the Settlement Agreement. Likewise, at least CSF's importing into the United States of the infringing Tote Bags, RTIC's Dog Bowls, and RTIC's 16 oz. Travel Mugs constitute a failure to perform express obligations under the Settlement Agreement, and are therefore breaches of at least Section E.2 of the Settlement Agreement.

117.    YETI has been and will continue to be injured, lose sales, and suffer irreparable harm to its business, business reputation, and intellectual property rights as a direct result of Defendants' breaches of the Settlement Agreement.

## Demand for Jury Trial

YETI hereby demands a jury trial on all issues so triable.

## Relief Sought

WHEREFORE, Plaintiff YETI respectfully prays for:

1.    Judgment that RTIC has (i) infringed the '167 Patent in violation of § 271 of Title 35 of the United States Code; (ii) infringed the '808 Patent in violation of § 271 of Title 35 of the United States Code; (iii) infringed the '562 Patent in violation of § 271 of Title 35 of the United States Code; (iv) infringed the '813 Patent in violation of § 271 of Title 35 of the United States Code; (v) infringed the '159 Patent in violation of § 271 of Title 35 of the United States Code; (vi)

infringed the '241 Patent in violation of § 271 of Title 35 of the United States Code; (vii) infringed the '780 Patent in violation of § 271 of Title 35 of the United States Code; (viii) infringed the '871 Patent in violation of § 271 of Title 35 of the United States Code; (ix) infringed the '862 Patent in violation of § 271 of Title 35 of the United States Code; (x) infringed the '343 Patent in violation of § 271 of Title 35 of the United States Code; (xi) infringed the '818 Patent in violation of § 271 of Title 35 of the United States Code; (xii) infringed the '779 Patent in violation of § 271 of Title 35 of the United States Code; and (xiii) breached the Settlement Agreement.

2.      Judgement that CSF has (i) infringed the '167 Patent in violation of § 271 of Title 35 of the United States Code; (ii) infringed the '808 Patent in violation of § 271 of Title 35 of the United States Code; (iii) infringed the '562 Patent in violation of § 271 of Title 35 of the United States Code; (iv) infringed the '813 Patent in violation of § 271 of Title 35 of the United States Code; (v) infringed the '159 Patent in violation of § 271 of Title 35 of the United States Code; (vi) infringed the '241 Patent in violation of § 271 of Title 35 of the United States Code; (vii) infringed the '780 Patent in violation of § 271 of Title 35 of the United States Code; (viii) infringed the '818 Patent in violation of § 271 of Title 35 of the United States Code; (ix) infringed the '779 Patent in violation of § 271 of Title 35 of the United States Code; and (x) breached the Settlement Agreement.

3.      An injunction against further infringement of YETI's patents by Defendants and each of Defendants' agents, employees, servants, attorneys, successors and assigns, and all others in privity or acting in concert with any of them, pursuant to at least 35 U.S.C. § 283;

4.      An Order directing Defendants to recall all infringing products sold and/or distributed and provide a full refund for all recalled infringing products;

5.    An award of damages adequate to compensate YETI for Defendants' patent infringements pursuant at least to 35 U.S.C. § 284, and an award for Defendants' profits from their patent infringements pursuant at least to 35 U.S.C. § 289, together with prejudgment interest and costs and reasonable attorney fees, pursuant at least to 35 U.S.C. §§ 284 and 285, and an award of damages adequate to compensate YETI for Defendants' breaches of the Settlement Agreement; and

6.    Such other and further relief as this Court deems just and proper.

Dated:  March 5, 2021                          Respectfully submitted,


                                               By: /s/ *Joseph J. Berghammer*
                                               Joseph J. Berghammer (admitted in the Western District of Texas)
                                               Attorney-In-Charge
                                               Illinois Bar No. 6273690
                                               jberghammer@bannerwitcoff.com
                                               Michael L. Krashin (admitted in the Western District of Texas)
                                               Illinois Bar No. 6286637
                                               mkrashin@bannerwitcoff.com
                                               Katie L. Becker (admitted in the Western District of Texas)
                                               Illinois Bar No. 6292366
                                               kbecker@bannerwitcoff.com
                                               Kurt C. Riester (*pro hac* forthcoming)
                                               Illinois Bar No. 6324558
                                               kriester@bannerwitcoff.com
                                               Banner & Witcoff, Ltd.
                                               71 South Wacker Drive, Suite 3600
                                               Chicago, IL 60606
                                               Telephone: (312) 463-5000
                                               Facsimile: (312) 463-5001

                                               **ATTORNEYS FOR PLAINTIFF YETI COOLERS, LLC**